**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000150
22-FEB-2018
08:07 AM**

NO. CAAP-15-0000150

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ROY RITA, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(S.P.P. NO. 13-1-0001)


MEMORANDUM OPINION
(By:  Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Petitioner-Appellant Roy Rita (**Rita**) appeals from the "Findings of Fact; Conclusions of Law; Order Denying Petitioner Roy Rita's Supplemental Claims to his March 6, 2013 HRPP Rule 40 Petition for Post-Conviction Relief, Filed November 19, 2014" (**Order Denying Supplemental Claims**) entered on February 23, 2015, in the Circuit Court of the Fifth Circuit.[1]

On appeal, Rita contends that the circuit court erred when it:  (1) concluded that Rita's charging document was not defective despite failing to allege a mens rea and/or that he was not married to the complaining witness, such that Rita claims the original trial court lacked jurisdiction to convict him; (2) concluded that Rita's trial and appellate counsel did not render ineffective assistance when they failed to challenge the

---

[1]  The Honorable Kathleen N.A. Watanabe presided.

sufficiency of his charge; and (3) denied Rita's Hawai'i Rules of Penal Procedure (**HRPP**) Rule 40 petition without a hearing, pursuant to HRPP Rule 40(f). Based on the foregoing, Rita requests that this court vacate his conviction for lack of jurisdiction due to the deficient indictment, or, in the alternative, vacate the circuit court's Order Denying Supplemental Claims and remand the matter to the circuit court for a hearing on the issues of waiver and/or ineffective assistance of counsel.

For the reasons stated below, we affirm the circuit court's Order Denying Supplemental Claims.

## I.    Background

On June 17, 2002, Rita was indicted and charged with, *inter alia*, one count of Continuous Sexual Assault of a Minor Under the Age of Fourteen, in violation of Hawaii Revised Statutes (**HRS**) § 707-733.5 (Supp. 2002) (**Count I**).[2]  The charge

---

[2]  When Rita was charged in 2002, HRS § 707-733.5 (Supp. 2002) provided:

> **[§707-733.5]  Continuous sexual assault of a minor under the age of fourteen years.**  (1) Any person who:
> (a)    Either resides in the same home with a minor under the age of fourteen years or has recurring access to the minor; and
> (b)    Engages in three or more acts of sexual penetration or sexual contact with the minor over a period of time, but while the minor is under the age of fourteen years,
> is guilty of the offense of continuous sexual assault of a minor under the age of fourteen years.
> (2) To convict under this section, the trier of fact, if a jury, need unanimously agree only that the requisite number of acts have occurred; the jury need not agree on which acts constitute the requisite number.
> (3) No other felony sex offense involving the same victim may be charged in the same proceeding with a charge under this section, unless the other charged offense occurred outside the time frame of the offense charged under this section or the other offense is charged in the alternative.  A defendant may be charged with only one count under this section unless more than one victim is involved, in which case a separate count may be charged for each victim.
> (4) Continuos sexual assault of a minor under the age of fourteen years is a class A felony.

When Rita was charged in 2002, "Sexual contact" in HRS § 707-733.5 was defined in HRS § 707-700 (1993) as "any touching of the sexual or other intimate parts of a person not married to the actor, or

(continued...)

for Count I stated:

> COUNT 1: During the period between the 7th day of June, 1999 through the 23rd day of October, 2001, in the County of Kauai, State of Hawaii, ROY RITA had recurring access to [complaining witness], a minor under the age of fourteen (14) years, and did engage in three or more acts of sexual penetration or sexual contact with [complaining witness] over a period of time, but while [complaining witness] was under the age of fourteen (14) years, thereby committing the offense of Continuous Sexual Assault of a Minor Under the Age of Fourteen (14) Years, in violation of Section 707-733.5 Hawaii Revised Statutes.

On February 19, 2003, a jury found Rita guilty on Count I. Rita was sentenced to a twenty year term of imprisonment.

On May 1, 2003, judgment was entered.

On May 16, 2003, Rita, represented by counsel, filed his notice of appeal and in his direct appeal raised the following issues:

> (1) that there was insufficient evidence to convict him of continuos sexual assault of a minor in violation of HRS § 707-733.5 because evidence of a third incident of "sexual contact" was not adduced at trial;
>
> (2) that (a) the term "sexual contact" as defined by HRS § 707-700 (1993) is unconstitutionally vague, insofar as (b) "buttocks" are not "intimate parts," and that (c) the circuit court erred in instructing the jury that "sexual contact" is defined only as "any touching of the sexual or other intimate parts of a person not married to the actor";
>
> (3) that the circuit court erred in failing to instruct the jury as to the elements of sexual assault in the fourth degree, HRS § 707-733(1)(a) (1993), inasmuch as it is a lesser included offense of sexual assault in the third degree, HRS § 707-732(1)(b) (1993);
>
> (4) that Rita's trial counsel rendered constitutionally ineffective assistance; and
>
> (5) that Rita's conviction runs afoul of this court's decision in State v. Rabago, 103 Hawaiʻi 236, 81 P.3d 1151 (2003), on the bases (a) that Rabago allegedly struck down HRS § 707-733.5 as unconstitutional in its entirety and (b) that the circuit court erred in failing to give the jury a mandatory "specific unanimity instruction," the prosecution, according to Rita, having adduced evidence of more than three acts of sexual assault at trial.

---

(...continued)
    of the sexual or other intimate parts of the actor by the person, whether directly or through the clothing or other material intended to cover the sexual or other intimate parts."

On April 29, 2004, the Supreme Court of Hawai'i issued a Summary Disposition Order affirming Rita's conviction and holding, *inter alia*, that: (1) there was sufficient evidence to convict Rita; (2) the term "sexual contact" as defined in HRS § 707-700 (1993) was not unconstitutionally vague and the jury instruction defining "sexual contact" was not prejudicially insufficient, erroneous, inconsistent or misleading; (3) Sexual Assault in the Fourth Degree in violation of HRS § 707-733(1)(a) (1993) is not a lesser included offense of Sexual Assault in the Third Degree in violation of HRS § 707-732(1)(b) (1993); (4) Rita had not shown that his trial counsel provided ineffective assistance; and (5) Rita's conviction did not run afoul of State v. Rabago, 103 Hawai'i 236, 81 P3.d 1151 (2003). State v. Rita, No. 25836, 2004 WL 909731 (Haw. Apr. 29, 2004) (SDO).

On September 27, 2004, Rita filed his first HRPP Rule 40 petition (**First Petition**), *pro se*, in which he argued that his conviction should be vacated because his trial and appellate counsel were ineffective.[3]

On December 10, 2004, the circuit court denied Rita's First Petition without a hearing pursuant to HRPP Rule 40(f).

On July 27, 2006, this court affirmed the circuit court's denial of the First Petition, holding that (1) Rita's claims that his trial counsel was ineffective were "previously ruled upon or were waived" pursuant to HRPP Rule 40(a)(3);[4] and

---

[3] In his First Petition, Rita asserted that his trial counsel was ineffective for failing to investigate the complaining witness's inconsistent trial testimony. Rita also asserted that his appellate counsel was ineffective for failing to, *inter alia*, investigate complaining witness's testimony, contact Rita prior to the preparation of the opening brief for information, address constitutional issues, and introduce new exculpatory evidence.

[4] HRPP Rule 40(a)(3) provides:

> (a) *Proceedings and Grounds*. The post-conviction proceeding established by this rule shall encompass all common law and statutory procedures for the same purpose, including habeas corpus and coram nobis; provided that the foregoing shall not be construed to limit the availability of remedies in the trial court or on direct appeal. Said proceeding shall be applicable to judgments of conviction and to custody based on judgments of conviction, as follows:

(continued...)

4

(2) Rita has failed to show that his appellate counsel was ineffective.

On March 6, 2013, Rita filed his second HRPP Rule 40 petition (**Second Petition**), *pro se*, and also requested assistance of counsel. The circuit court granted his request for counsel, but it appears none was appointed before the circuit court denied Rita's Second Petition without a hearing on July 10, 2013, again pursuant to HRPP Rule 40(f).

On August 9, 2013, Rita appealed *pro se* from the denial of his Second Petition.

On August 19, 2013, Rita was appointed counsel.

On April 29, 2014, because his second petition was denied before counsel had been appointed, this court issued a Summary Disposition Order vacating the circuit court's order denying Rita's Second Petition and remanded that case to the circuit court.

On August 22, 2014, Rita's newly appointed counsel filed a "Motion for Leave to File Supplemental Claims for Relief."

On November 19, 2014, Rita filed his "Supplemental Claims for Relief to Petitioner Roy Rita's HRPP Rule 40 Petition for Post Conviction Relief, Filed March 6, 2013" (**Supplemental Claims**). Rita's Supplemental Claims are the basis for his contentions on appeal, that: (1) his conviction should be vacated because the trial court was without jurisdiction due to the

---

[4](...continued)

. . . .

(3) INAPPLICABILITY. Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue. There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

deficient charge for Count I, and (2) both his trial and appellate counsel were ineffective for failing to assert this jurisdictional issue.

On February 23, 2015, the circuit court filed its Order Denying Supplemental Claims without a hearing, again stating that Rita's claims were frivolous pursuant to HRPP Rule 40(f). The court also concluded that Rita's collateral attack on the sufficiency of Count I in his indictment must fail because (1) Rita did not meet the exceptional circumstances test adopted in Christian v. State, 131 Hawai'i 153, 163, 315 P.3d 779, 789 (App. 2013)[5], and (2) the requirement that an indictment list every element, as established in State v. Wheeler, 121 Hawai'i 383, 387, 219 P.3d 1170, 1174 (2009), does not apply retroactively to Rita's 2002 indictment. With regards to Rita's ineffective assistance of counsel arguments, the court concluded that Rita "failed to establish that there were specific errors or omissions of his trial counsel that resulted in the withdrawal of [sic] substantial impairment of a potentially meritorious defense."

On March 16, 2015, Rita timely filed his notice of appeal for the instant case.

## II. Standard of Review

HRPP Rule 40(f) provides in relevant part:

> (f) *Hearings.* If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that

---

[5] The exceptional circumstances test in Christian provided:

> The sufficiency of an indictment or information is not open to collateral attack after conviction unless it appears that the circumstances are exceptional, that the questions raised are of "large importance," that the need for the remedy sought is apparent, and that the offense charged was one of which the sentencing court manifestly had no jurisdiction.

131 Hawai'i at 163, 315 P.3d at 789 (quoting United States v. Prince, 868 F.2d 1379, 1384 (5th Cir. 1989)). Christian has since been overruled by Schwartz v. State, 136 Hawai'i 258, 281-82, 361 P.3d 1161, 1184-85 (2015).

question was held during the course of the proceedings which led to the judgment or custody which is the subject of the petition or at any later proceeding.

"Whether the trial court erred in denying an HRPP Rule 40 petition without a hearing based on no showing of a colorable claim is reviewed *de novo*; thus, the right/wrong standard of review is applicable." Maddox v. State, 141 Hawai'i 196, 202, 407 P.3d 152, 158 (2017) (citing Dan v. State, 76 Hawai'i 423, 427, 879 P.2d 528, 532 (1994)) (internal quotation marks omitted); see also State v. De Guair, 108 Hawai'i 179, 187, 118 P.3d 662, 670 (2005).

## III. Discussion

### A. Waiver

The State's answering brief does not argue waiver, but the record as recounted above reflects that Rita previously raised various issues on direct appeal and in his prior HRPP Rule 40 petitions. Particularly given that his First Petition raised the issue of ineffective assistance of appellate counsel, as well as ineffective assistance of trial counsel, we conclude that Rita waived the issues raised in his Supplemental Claims that are at issue in this appeal. See HRPP Rule 40(a)(3).

As set forth below, even if we assume *arguendo* that Rita did not waive his Supplemental Claims, the circuit court did not err in denying these claims without a hearing.

### B. Jurisdiction

Rita's primary argument in this appeal is that because the charge alleging Count I failed to assert a mens rea and/or that he and the complaining witness were not married, a criminal offense was not charged and therefore the trial court did not have jurisdiction to convict him. Rita thus argues that this court must vacate his Count I conviction.

In Schwartz v. State, the Supreme Court of Hawai'i held that the failure to charge an element or the applicable mens rea does not deprive a trial court of subject matter jurisdiction. 136 Hawai'i 258, 265, 361 P.3d 1161, 1168 (2015) (stating "[t]his

court has implicitly rejected the proposition that a charging instrument that fails to allege an element or the requisite mens rea of an otherwise cognizable crime renders the trial court without criminal jurisdiction").

Therefore, Rita's primary argument, that the circuit court lacked jurisdiction with respect to the offense charged under Count I, is incorrect in light of Schwartz notwithstanding the charge's omissions of a mens rea and an assertion that Rita was not married to the complaining witness.

## C.   Ineffective Assistance of Counsel

Rita also argues that both his trial and appellate counsel were ineffective for not challenging the sufficiency of the charge in Count I for failing to allege that Rita and the complaining witness were not married and failing to allege a mens rea.

For claims of ineffective assistance of trial counsel, the following standard applies:

> General claims of ineffectiveness are insufficient to establish that the assistance a defendant received was constitutionally ineffective. Dan, 76 Hawai'i at 427, 879 P.2d at 532 (quoting Briones v. State, 74 Haw. 442, 462-63, 848 P.2d 966, 976 (1993)). Rather, a defendant must show: (1) specific errors or omissions of defense counsel reflecting counsel's lack of skill, judgment, or diligence; and that (2) those errors or omissions resulted in the withdrawal or substantial impairment of a potentially meritorious defense. [State v. Antone, 62 Haw. 346, 348-49, 615 P.2d 101, 104 (1980)] (internal citations omitted).

Maddox, 141 Hawai'i at 202, 407 P.3d at 158 (internal brackets and quotation marks omitted).

For claims of ineffective assistance of appellate counsel, a petitioner must establish "that (1) his appellate counsel omitted an appealable issue, and (2) in light of the entire record, the status of the law, and the space and time limitations inherent in the appellate process, a reasonably competent attorney would not have omitted that issue." Garringer v. State, 80 Hawai'i 327, 336, 909 P.2d 1142, 1151 (1996) (quoting Domingo v. State, 76 Hawai'i 237, 242, 873 P.2d 775, 780 (1994)). An "appealable issue" is "an error or omission by

counsel, judge, or jury resulting in the withdrawal or substantial impairment of a potentially meritorious defense." Dan, 76 Hawai'i at 432-33, 879 P.2d at 537-38 (quoting Briones, 74 Haw. at 465-66, 848 P.2d at 977).

### 1. **Muller** issue

Rita argues, based on State v. Muller, No. CAAP-10-0000225, 2014 WL 444230 at *1-2 (Hawai'i App. Jan. 31, 2014), that his charge for Count I was defective because it did not state that he and the complaining witness were not married to each other, and that his trial and appellate counsel should have raised this issue. In Muller, a 2014 unpublished Summary Disposition Order, this court held that a charge of Sexual Assault in the Third Degree, in violation of HRS § 707-732(1)(b), was deficient because it failed to allege the essential element that the complaining witness and defendant were not married to each other.[6] As explained in Muller, although the defendant had only challenged the sufficiency of the charge for the first time on appeal, recent decisions by the Hawai'i Supreme Court in 2013 and 2014[7] required a ruling that, where a charge failed to allege an element or a mens rea, "the charge 'cannot be reasonably construed to state an offense' and the conviction must be vacated." Muller, 2014 WL 444230, at *2. The case in Muller was remanded for dismissal without prejudice.

We reject Rita's claim that his trial and appellate counsel were ineffective with regard to the Muller issue. First, even if Rita's trial counsel had raised the issue during trial proceedings, the prosecution would have been able to re-file Rita's indictment and thus any alleged error did not result in the withdrawal or substantial impairment of a potentially meritorious defense. Second, unlike the charge of Sexual Assault

---

[6] Prior to the charge being filed in Muller, the Hawai'i Supreme Court had set out the four material elements of the offense of Sexual Assault in the Third Degree under HRS § 707-732(1)(b), one of which was "that [the defendant] was aware that the Minor was not married to him[.]" See State v. Arceo, 84 Hawai'i 1, 15, 928 P.2d 843, 857 (1996).

[7] State v. Apollonio, 130 Hawai'i 353, 311 P.3d 676 (2013) and State v. Akitake, No. SCWC-29934 (Haw. Jan. 10, 2014) (SDO).

in the Third Degree in <u>Muller</u>, there was no existing case law at the time of Rita's trial or his direct appeal setting forth the elements of the Count I offense of Continuous Sexual Assault of a Minor Under the Age of Fourteen. Third, given the "space and time limitations inherent in the appellate process," <u>Garringer</u>, 80 Hawai'i at 336, 909 P.2d at 1151, and the other issues raised during Rita's direct appeal, it does not appear Rita's appellate counsel reasonably should have challenged the sufficiency of the charge. Thus, there was no specific error or omission by Rita's trial counsel reflecting a lack of skill, judgment, or diligence; and given the circumstances, record, and the status of the law, we cannot say that Rita's appellate counsel should have raised on appeal that Rita's charge failed to assert that he was not married to the complaining witness. In short, Rita was not denied effective assistance of trial or appellate counsel with regard to the <u>Muller</u> issue.

**2. Mens rea issue**

Rita argues that the Count I charge for Continuous Sexual Assault of a Minor Under the Age of Fourteen was also defective because it did not include a mens rea, citing, *inter alia*, <u>State v. Nesmith</u>, 127 Hawai'i 48, 276 P.3d 617 (2012), generally, and that his trial and appellate counsel should have raised this issue.

Similar with the <u>Muller</u> issue, Rita's trial counsel was not ineffective for failing to challenge the lack of a mens rea in the charge, because even if the issue had been raised, the prosecution would have been able to re-file Rita's indictment. Thus, there was no withdrawal or substantial impairment of a potentially meritorious defense.

With regard to Rita's appellate counsel, the lack of a mens rea in the charge would not have been an appealable issue. Existing case law at the time of Rita's direct appeal provided:

> in determining whether the accused's right to be informed of the nature and cause of the accusation against him or her has been violated, <u>we must look to all of the information supplied to him or her by the State to the point where the court passes upon the contention that the right has been violated</u>.

State v. Israel, 78 Hawai'i 66, 70, 890 P.2d 303, 307 (1995) (internal brackets omitted)(emphasis added). During the trial proceedings, the jury instructions for the charge of Continuous Sexual Assault of a Minor Under the Age of Fourteen stated, in relevant part:

> In Count 1 of the Indictment, the Defendant is charged with the offense of Continuous Sexual Assault of A Minor Under the Age of Fourteen Years.
> The Defendant is guilty of the offense of Continuous Sexual Assault of a Minor Under the Age of Fourteen Years if the prosecution proves beyond a reasonable doubt all of the following:
> These four elements are:
> 1. That the Defendant did <u>intentionally or knowingly</u> engage in three or more acts of sexual contact with [complaining witness] . . .

(Emphasis added.) Thus, the record reflects that during the trial proceedings, the State informed Rita that an intentional or knowing state of mind was being asserted. Rita's appellate counsel was not ineffective for not raising the lack of a mens rea in the charge.

## IV. Conclusion

Based on the foregoing, the circuit court properly denied Rita's Supplemental Claims without a hearing pursuant to HRPP Rule 40(f). We affirm the circuit court's "Order Denying Petitioner Roy Rita's Supplemental Claims to his March 6, 2013 HRPP Rule 40 Petition for Post-Conviction Relief, Filed November 19, 2014," which was entered on February 23, 2015, in the Circuit Court of the Fifth Circuit.

DATED: Honolulu, Hawai'i, February 22, 2018.

On the briefs:

Emmanuel G. Guerrero,
for Petitioner-Appellant.

Tracy Murakami,
Deputy Prosecuting Attorney,
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge

11